1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    ISAIAH T. GLAZE,                          Case No.  23-cv-02327-JSC

8                    Petitioner,

9            v.                                **ORDER GRANTING MOTION TO
                                               DISMISS**
10   WARDEN, CALIFORNIA                         Re: Dkt. No. 20
     REHABILITATION CENTER,
11                 Respondent.

12

13                                **INTRODUCTION**

14          Petitioner, a prisoner of the State of California proceeding without the assistance of an

15   attorney, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his

16   conviction and sentence.  (ECF No. 1.)  After screening the petition, the Court found, when

17   liberally construed, it stated a claim capable of judicial determination that his trial attorney's

18   advice to plead guilty violated his Sixth Amendment right to the effective assistance of counsel.

19   (ECF No. 13.)  Respondent has filed a motion to dismiss the petition as untimely.  (ECF No. 20.)

20   Petitioner filed an opposition, and Respondent filed a reply.  (ECF Nos. 25, 26.)  For the reasons

21   discussed below, the motion to dismiss is GRANTED.

22                                **BACKGROUND**

23          The parties agree on the following facts.  Petitioner received a sentence of 13 years in state

24   prison in Contra Costa County Superior Court on April 1, 2021, after he pled guilty to attempted

25   murder (Cal. Penal Code §§ 187, 664), inflicting traumatic injury on a domestic partner (Cal.

26   Penal Code § 273.5(a)), and assault with a firearm (Cal. Penal Code § 245(b)).  (ECF No. 20-1 at

27   2.)  Petitioner did not appeal, but he filed four habeas petitions in the state courts.  On September

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1, 2021,[1] he filed a petition in the California Court of Appeal, which denied the petition on

November 5, 2021, without explanation other than a note stating, "Petitioner must first seek relief

in the superior court before seeking relief from this court.  (*In re Hillery* (1962) 202 Cal.App.2d

293, 294.)."  (*Id.* at 12, 30.)  On November 8, 2021, Petitioner filed a habeas petition in the Contra

Costa County Superior Court, which denied the petition in an explained opinion on December 21,

2021.[2]  (*Id.* at 39-43.)  On December 30, 2021, Petitioner filed another habeas petition in the

California Court of Appeal, which denied the petition summarily on March 4, 2022.  (*Id.* at 37,

78.)  On January 3, 2023, he filed a habeas petition in the California Supreme Court, which denied

the petition summarily and without citation on May 3, 2023.  (*Id.* at 87, 146, 148.)  On May 6,

2023, Petitioner filed the instant federal petition for a writ of habeas corpus.  (ECF No. 1 at 7.)

### DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the instant

petition had to be filed within one year of the date the judgment became final after the conclusion

of direct review or the time passed for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).[3]

Because Petitioner did not seek direct review of his criminal judgment, the one-year limitations

period began to run when the time for him to do so expired, which was 60 days after the judgment.

*See Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006); *see also* Cal. Rule of Court 8.308(a)

---

[1] The "mailbox rule"—deeming petitions filed on the date delivered to prison authorities for mailing as opposed to the date of their receipt by the court clerk—applies to Petitioner's state and federal habeas petitions.  *See Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000).  Except for the petition to the California Supreme Court (*see* ECF No. 20-1 at 147 (bearing date-stamp of receipt for mailing)), there is no record of the dates Petitioner gave his petitions to prison authorities for mailing.  Rather, the parties use the date Petitioner signed the petitions as the filing dates.  For purposes of the present motion, the Court does the same because the date Petitioner signed a petition is the earliest he could have given it to officials for mailing.

[2] As to Petitioner's remaining claim in the instant petition, the Superior Court concluded trial counsel's advice to plead guilty was not prejudicial because Petitioner "was facing multiple 25-year-to-life sentences if convicted" and "instead was able to enter a plea bargain assuring him of a 13 year sentence" even though the "evidence against him was strong."  (ECF No. 20-1 at 43.)

[3] While the limitations period may commence on a different date under certain circumstances, the parties do not assert — nor does it appear — such circumstances are present here.  *Cf.* 28 U.S.C. § 2244(d)(1)(B)-(D) (providing limitations period may begin when "(B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could not have been discovered through the exercise of due diligence").

United States District Court
Northern District of California

1    (providing appeal must be filed within 60 days after rendition of judgment).  The trial court

2    rendered judgment on April 1, 2021, so the limitations period began 60 days later, on May 31,

3    2021, and expired one year later, on May 31, 2022.  As the instant petition was filed on May 6,

4    2023, it is untimely absent sufficient tolling.

5    　　　The limitations period is tolled for the "time during which a properly filed application for

6    State post-conviction or other collateral review with respect to the pertinent judgment or claim is

7    pending."  28 U.S.C. § 2244(d)(2).  An application for collateral review is "pending" in state court

8    "as long as the ordinary state collateral review process is in continuance—*i.e.*, until the completion

9    of that process."  *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002) (internal quotation marks

10   omitted).  In California, this includes the time gap between a lower-court decision and a filing of a

11   new petition in a higher court, as long as the petitioner did not "unreasonably delay" in filing the

12   new petition.  *Id.* at 221-23.

13   　　　When a California court "clearly" rules that a petitioner's delay was "unreasonable," that is

14   "the end of the matter," and there is no gap tolling.  *Id.* at 226.  A California court's citation of *In*

15   *re Robbins*, 18 Cal. 4th 770, 780 (Cal. 1998), is a clear ruling that the petition was untimely.

16   *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007).  A California court's denial of a petition on

17   the merits or without citation does not automatically mean it determined the petition was timely or

18   the filing delay was reasonable.  *Evans v. Chavis*, 546 U.S. 189, 197 (2006).  When the California

19   Supreme Court has not clearly ruled on whether a habeas petition is timely, the United States

20   Supreme Court has instructed a federal court to decide whether the state habeas petition "was

21   made within what California would consider a reasonable time."  *Id.* at 198.

22   　　　California uses a "reasonableness standard" to determine whether a petition is timely.

23   *Robinson v. Lewis*, 9 Cal. 5th 883, 897 (Cal. 2020).  Under this standard, there is a "safe harbor"

24   of 120 days, which means a "petition filed in a higher court within 120 days of the lower court's

25   denial will never be considered untimely due to gap delay."  *Id.* at 901.  A delay beyond 120 days

26   is subject to the *In re Robbins* analysis, that is, whether "under all of the circumstances" it

27   "constituted substantial delay and, if so, whether the petitioner demonstrated good cause for the

28

1    delay or an exception applied."[4]  *Id.*

2        When Petitioner filed his first habeas petition in the California Court of Appeal on

3    September 1, 2021, the limitations period had been running for 93 days (since May 1, 2021),

4    leaving him 272 more days of the one-year limitations period to file his federal habeas petition.

5    The limitations period was tolled under Section 2244(d)(2) until the petition was denied on

6    November 5, 2021, but there was no tolling during the three-day gap until he filed his next state

7    habeas petition in the Superior Court because gap tolling is only available when a petitioner files

8    his next petition in a *higher* court.  *See Evans*, 546 U.S. at 193.  Therefore, when Petitioner filed

9    his habeas petition in the Superior Court on November 8, 2021, 269 days remained in the AEDPA

10   limitations period.  The limitations period was tolled under Section 2244(d)(2) while the Superior

11   Court petition was pending, during the nine-day gap between that petition and his next (third) state

12   petition in the Court of Appeal,[5] and while the petition was pending in the Court of Appeal.  This

13   means tolling continued from November 8, 2021, until the Court of Appeal denied his third

14   petition, on March 4, 2022, at which time 269 days still remained of the limitations period.

15   Petitioner did not file his next (and last) state petition in the California Supreme Court until

16   January 3, 2023, 305 days later.  Because that exceeded the amount of time Petitioner had left in

17   his AEDPA limitations period, the parties agree that unless there was tolling during the 305-day

18   gap between the Court of Appeal's denial of his petition and the filing of his petition in the

19   California Supreme Court, the limitations period expired before Petitioner filed the California

20   Supreme Court petition, and the instant petition is untimely.[6]

21       Under *Carey* and *Evans*, gap tolling is available only if the California Supreme Court

22   petition was timely.  The California Supreme Court's summary denial did not cite *Robbins* or

23   otherwise rule the petition was untimely.  (ECF No. 20-1 at 78, 148.)  Petitioner argues this means

24

25   _____

26   [4] *Robbins* recognizes four "narrow" exceptions to California's timeliness rules, 18 Cal.4th at 780-81, none of which is argued or is applicable to this case.
     [5] Gap tolling applies because the Court of Appeal did not rule the petition was untimely and nine

27   days is well within California's 120-day "safe harbor" for reasonable delays.  *See Robinson*, 9 Cal. 5th at 901.

28   [6] "[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."  *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)).

United States District Court
Northern District of California

1    it was timely.  (ECF No. 25 at 4:4-7.)  As explained above, however, for purposes of the gap

2    tolling analysis under Section 2244(d)(2), the California Supreme Court's denial of a petition

3    without citation or on the merits does not automatically mean the court found the petition timely.

4    *See Evans*, 546 U.S. at 197.

5        As the California Supreme Court did not make a clear timeliness ruling, *Evans* requires

6    this Court to determine whether California would consider the 305-day gap to be reasonable and

7    the petition to be timely.  *See id.* at 198.  305 days far exceeds California's 120-day "safe harbor"

8    for a reasonable delay, which means the petition would be untimely unless, under "all of the

9    circumstances," 305 days was not a "substantial delay" or Petitioner had "good cause."  *Robinson*,

10   9 Cal. 5th at 891-92, 901 (citing *Robbins*, 18 Cal. 4th at 780); *see Evans*, 546 U.S. at 198.  A

11   "substantial delay" means the petition was not filed "as promptly as circumstances allow," *id.* at

12   898 n.7 (quotation marks omitted), and the delay "is measured from the time the petitioner or his

13   or her counsel knew, or reasonably should have known, of the information offered in support of

14   the claim and the legal basis for the claim," *Robbins*, 18 Cal. 4th at 780.

15       Petitioner states he delayed filing in the California Supreme Court because his post-

16   conviction counsel, whom he hired in February 2022, advised him "to not file anything before

17   they make their decision on what they want to do."  (ECF No. 25 at 4:23-24.)  He represents he

18   asked counsel to file a habeas petition "before the deadline," but counsel indicated they were

19   pursuing a commutation of sentence.  (*Id.* at 5:1-4, 17.)  Petitioner could not afford to pay counsel

20   to do both, so he filed the petition himself.  (*Id.* at 5:5-8.)  He explains he had "difficulties []

21   obtaining all the facts that he got to present," and there were lockdowns at the prison due to

22   "Covid-19/riots" that prevented him from accessing the law library.  (*Id.* at 5:11-18.)  Petitioner

23   represents he tried multiple times to get into the law library on "non-lockdown days," [7] but it did

24   not "officially opened back up" until December 28, 2022.  (*Id.* at 21.)

25       Petitioner's assertions do not, in light of all the circumstances, constitute good cause for

26

27   _____

28   [7] The dates of the lockdowns show there were no lockdowns for 36 days during the first 120 days
     after the Court of Appeal denied the petition on March 2, 2002, for 75 days in the six months after
     it denied the petition, and for 117 days during the 305-day gap.  (ECF No. 25 at 21.)

Petitioner's "substantial delay" in filing the California Supreme Court petition.  *See id.*  Petitioner does not indicate when he learned he had to file the petition himself, but doing so was not a significant undertaking for him insofar as he had previously filed three petitions in the lower courts without an attorney, the latter two of which he was able to file promptly, i.e. within three and nine days, respectively, of the denial of the previous petition.  The California Supreme Court petition did not involve a substantial amount of additional work because it made almost entirely the same claims and relied on the same records as the three prior state petitions.[8]  Petitioner does not identify which additional "facts" he had difficulty obtaining, the relevance such facts had to his claims, what efforts he made to obtain them more quickly, or the reasons any such efforts failed.[9]

Similarly, Petitioner does not identify what additional legal research he needed to conduct for his petition, what efforts he made to obtain such research sooner from hired counsel or other means besides going to the law library, or the reasons any such efforts failed.  (ECF No. 25 at 21.)  In the preceding six months (between September 2021 and March 2022, which was also during the COVID-19 pandemic), he had been able to obtain the legal research for his three prior state habeas petitions.  Petitioner cites *Soussa v. Davis*, 725 F.3d 1225 (9th Cir. 2013), but that decision is unpersuasive.  The court remanded to determine whether the petitioner's lack of law library access could justify (for purposes of equitable tolling) a *two-day* delay in filing his petition because, unlike here, the petitioner detailed his efforts to obtain legal research—including filing an

[8] The Supreme Court petition's claim that trial counsel was ineffective in not hiring a private investigator to conduct an adequate pretrial investigation and in failing to prevent his arraignment in a hospital (ECF No. 20-1 at 82) was raised in the petitions to the superior court and the California Court of Appeal (*id.* at 12, 34, 42, 45).  The claim that the prosecutor committed misconduct (*id.* at 83) is premised on arguments Petitioner had previously made in his petitions to the California Court of Appeal, namely that the police reports falsely stated he confessed, that he was arraigned while in the hospital, and that the prosecution engaged in racial discrimination against African Americans (*id.* at 9, 13, 45, 74, 76).  The claim that the police committed misconduct by falsely reporting he had confessed and by violating his rights under *Miranda v. Arizona* (*id.* at 88) was previously raised in the petitions to the superior court and the Court of Appeal (*id.* at 9, 13, 35, 40-42, 44, 76).  The exhibits to the Supreme Court petition—the probation report, his medical records, and the phone and state bar records (*id.* at 128-37, 140-42)—were included with his petitions to the Court of Appeals (*id.* at 14-28, 54-56, 58-73).

[9] In the reply, Respondent "applies equitable tolling principals" to address Petitioner's arguments, but the Court does not conduct an equitable tolling analysis because Petitioner does not assert he is entitled to equitable tolling.  (ECF No. 26 at 2:10.)

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

administrative grievance, requesting priority legal user status, attempting to copy and mail the petition on the due date, and seeking an emergency stay from the district court—and the reasons such efforts failed—prison officials lost his paperwork, the copy machine malfunctioned, and his stay request was denied. *Id.* at 1236. No such efforts or circumstances are asserted here, much less ones justifying a far longer delay of 305 days.

Under the circumstances presented here, Petitioner did not have good cause for not filing his California Supreme Court petition "as promptly as the circumstances allowed" from the time he "knew, or reasonably should have known, of the information offered in support of the claims" and the "legal basis" for them. *See Robinson*, 9 Cal. 5th at 897, 898, & n.7; *Robbins*, 18 Cal. 4th at 780. Consequently, the Court concludes California would consider the 305-day gap between Court of Appeal's denial of his petition and the filing of his California Supreme Court petition to be an unreasonable delay such that, under *Carey* and *Evans*, the statute of limitations for the instant petition was not tolled under Section 2244(d)(2) during that gap.

Petitioner's reliance on *Maxwell v. Roe*, 628 F.3d 486 (9th Cir. 2010), is unpersuasive. (ECF No. 25 at 4:10.) There the court held that a delay of over 400 days between a superior court evidentiary hearing and a petition filed in the California Supreme Court was reasonable because the petitioner "offered a compelling justification for his delay." *Id.* at 496-97. But in *Maxwell,* unlike this case, there was a "complex and voluminous" record from the two-year evidentiary hearing, the hearing produced new evidence that "substantially affected" the petitioner's claims and required "significant legal research" and a heavily redrafted petition in the California Supreme Court. *Id.* Here, Petitioner did not have to review and incorporate a voluminous amount of new evidence for his petition to the California Supreme Court, and the state court record was relatively small because there was no trial or post-conviction evidentiary hearing.

Petitioner also relies on the decision in *Valdez v. Montgomery*, 918 F.3d 687 (9th Cir. 2019), but that decision supports the conclusion his delay was *not* reasonable. There the court held that though the state record was voluminous, there was *no* good cause for the petitioner's 11-month delay in filing a petition to the California Supreme Court because the petitioner had previously filed a timely petition based upon the same record. *Id.* at 690. Here, Petitioner's delay

was for a similar period of time and, like the petitioner in *Valdez*, Petitioner previously filed similar petitions in the lower courts based upon the same record as his petition to the California Supreme Court.

* * *

Petitioner filed the instant petition after the one-year limitations period in 28 U.S.C. § 2244(d)(1) expired.  Although there was some tolling under 28 U.S.C. § 2244(d)(2), there was no such tolling during the 305-day gap between the denial of Petitioner's second habeas petition in the California Court of Appeal (his third state petition overall) and the filing of his next petition in the California Supreme Court.  Without tolling during this gap, there is insufficient tolling to render the instant petition timely.[10]

**CONCLUSION**

For the reasons described above, Respondent's motion to dismiss the petition for a writ of habeas corpus is GRANTED.  The clerk shall enter judgment and close the file.

This order resolves docket number 20.

**IT IS SO ORDERED.**

Dated: February 18, 2025

JACQUELINE SCOTT CORLEY
United States District Judge

---

[10] In light of this conclusion, the Court does not reach Respondent's alternative argument that the petition should be dismissed for lack of exhaustion.